**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERENCE PINCKNEY,<br>Plaintiff,<br>v.<br>COMMANDER PIKE, ET AL.,<br>Defendants. | Case No. 1:26-cv-280-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court pursuant to the application ("Application") of pro se Plaintiff Terence Pinckney ("Plaintiff") to proceed *in forma pauperis* ("IFP") (ECF No. 1-1); and Plaintiff having brought this action against defendants Commander Pike, Detective Robles, Officer Berry, Officer Stater, and the City of Camden ("Defendants"), on May 29, 2026, and the Court finding;

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees. Specifically, he asserts that he has no income or expenses and that he does not have a spouse to contribute income or share in expenses, and that he is homeless.

3. The Court shall accordingly screen the action to determine whether Plaintiff's Complaint (ECF No. 1) is (a) frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State*

*Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by pro se plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**Analysis**

**A. Statute of Limitations**

5. Plaintiff asserts four claims pursuant to 42 U.S.C. § 1983: (1) unlawful warrantless search; (2) unlawful retaliatory seizure; (3) malicious prosecution and fabrication of evidence; (4) *Monell*[1] liability, and a state-law claim for intrusion upon seclusion. These claims stem from an alleged unlawful search and seizure that took place on April 3, 2021. (Compl. ¶¶ 11-19.) Plaintiff filed this lawsuit on May 29, 2026. Because the underlying events occurred in 2021, the Court will address the timeliness of Plaintiff's claims.

6. Although the Court cannot typically sua sponte dismiss a case on statute of limitations grounds, it may do so "when a statute-of-limitations defense is apparent from the face of the complaint . . . pursuant to 28 U.S.C. § 1915." *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Third Circuit has recognized that a district court's statutory screening authority pursuant to Section 1915 "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rale that a statute of limitations defense should not be raised and considered sua sponte" *Smith v. Del. Cnty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008) (per curiam) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006)).

7. Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts. *Ngyuen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). New Jersey, where Plaintiff's claims arose, "mandates a two-year statute of limitations period for personal-injury torts." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). While state law governs the limitations period, federal law governs the issue of when a Section 1983 claim accrues. *See Dique*, 603 F.3d at 185. "Under federal law, a cause or action accrues 'when the Plaintiff knew or should have known of the injury upon which its action is based.'" *Kach,* 589 F.3d at 634 (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

8. In Count I, Plaintiff raises a claim for unlawful search against all Defendants. A Section 1983 claim based on an unlawful search and seizure accrues at the time of the search and seizure itself. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Such a claim accrues immediately and leaves no room for tolling, because the violation is complete when the search and seizure occurs, and the plaintiff knows at that moment of the injury on which the claim is based. *See id.*

9. Plaintiff's claim is untimely on the face of the complaint, as the alleged search occurred in April 2021, over five years before Plaintiff filed suit. *Cf. Cortes v. City of Bayonne*, Civ. No. 25-16260, 2026 LX 469632, at *6 (D.N.J. Aug. 18, 2026) (dismissing unlawful search and seizure claim as untimely on sua sponte screening because the search and seizure occurred six years before the plaintiff filed suit). Therefore, Count I will be dismissed *with prejudice*.

10. Plaintiff's claim for retaliatory seizure (Count II), in which he claims that he was charged with a crime for declining to interact with and identify himself to police during the challenged interaction in April 2021, is likewise time-barred, as the seizure occurred on that same date. *See Nguyen*, 906 F.3d at 273. To the extent Plaintiff claims later retaliation, it does not appear that the continuing violation doctrine can save Plaintiff's claim. However, in an abundance of caution, the Court will dismiss Count II *without prejudice* in the off-chance Plaintiff can demonstrate an unconstitutional action that only began to accrue on or after May 29, 2024.

11. The Court will not dismiss Plaintiff's malicious prosecution claim (Count III) on timeliness grounds, because it is not clear on the face of the Complaint that it is untimely. Malicious prosecution claims accrue when the prosecution comes to "a favorable termination." *Thompson v. Clark*, 596 U.S. 36, 44 (2022). That occurs when the prosecution is "terminated, disposed of, or, as the books usually say, at an end." *Id.* at 45 (quoting *Clark v. Cleveland*, 6 Hill 344, 346 (1844)). Plaintiff's Complaint does not identify when the case was dismissed; therefore, it is not clear beyond doubt that the claim is untimely.

12. Because the Court declines to dismiss the malicious prosecution claim on timeliness grounds, it need not address the timeliness of any derivative *Monell* claim (Count IV). *See Bullock v. Borough of Roselle*, Civ. No. 17-13208, 2018 WL 4179481, at *8 (D.N.J. Aug. 31, 2018) (*Monell* claims are subject to the same statute of limitations as the underlying Section 1983 tort).

13. Plaintiff's state-law intrusion upon seclusion claim (Count V) is time-barred. *See Rumbauskas v. Cantor*, 649 A.2d 853, 858 (N.J. 1994) (holding that an intrusion upon seclusion action is premised on an "injury to the person" (as opposed to an injury to property) and "is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2." Therefore, the Court will dismiss Count V *with prejudice*.

14. The Court will now address the sufficiency of the claims that have survived the Court's timeliness review.

**B. Pleading Sufficiency**

15. To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must establish that (1) the defendant initiated a criminal proceeding: (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

16. Here, Plaintiff has failed to allege that he suffered a seizure as a consequence of a legal proceeding. In *Gallo v. City of Phila.*, the Third Circuit reaffirmed that the seizure in question must occur because of the charges. 164 F.3d 217, 222 (3d Cir. 1998). Although courts have adopted a broad definition of what constitutes a seizure, the Circuit concluded that the plaintiff's situation in *Gallo* presented a "close question." *Id.* There, the plaintiff was arrested and posted a bond which included prohibitions from traveling outside Pennsylvania and New Jersey, required weekly contact with pretrial services, and attending all court hearings for his trial. *Id.* In *DiBella v. Borough of Beachwood*, the court declined to find a seizure where the plaintiff was only issued a summons, never posted bail, were free to travel, and did not have to report to pretrial services. 407 F.3d 599, 603 (3d Cir. 2005). Here, Plaintiff has not described any restraint of his liberty post-initiation of charges, and his situation seems more akin to *DiBella.*

Because Plaintiff has not pled sufficient facts to plausibly allege the fifth element of his malicious prosecution claim, the Court will dismiss Count III. However, the dismissal of this claim will be *without prejudice* because Plaintiff may conceivably be able to cure the identified deficiency.

17. The Court has dismissed Count I *with prejudice* and Counts II and III *without prejudice.* Because the Court has dismissed Plaintiff's underlying constitutional claims, it must also dismiss his *Monell* claim (Count IV). *See Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim" based on *Monell.*"). The Court will dismiss Count IV *without prejudice* because if Plaintiff pleads a viable claim for malicious prosecution or retaliation, he may be able to plead a derivative *Monell* claim.[2]

---

[2] The Court cautions Plaintiff that his *Monell* claim was likewise vulnerable to dismissal on pleading sufficiency grounds.

On this **4th day of November,** having considered the Application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF No. 1-1),

**IT IS ORDERED** the Application is **GRANTED.**

1. The Clerk is directed to file the Complaint (ECF No. 1).

2. The Court hereby **DISMISSES** the Complaint **WITH PREJUDICE** as to Plaintiff's claims for unlawful warrantless search (Count I) intrusion upon seclusion (Count 5), and **WITHOUT PREJUDICE** as to Plaintiff's claims for unlawful retaliatory seizure (Count II) malicious prosecution (Count III) and Monell liability (Count IV).

3. Plaintiff is granted leave to file an amended complaint, on or before **December 18, 2026**.

KAREN M. WILLIAMS
United States District Judge